76 F.3d 393
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Jerry Craig COLEMAN, Defendant-Appellant.
 No. 95-5099
 United States Court of Appeals, Tenth Circuit.
 Jan. 4, 1996.
 
 ORDER AND JUDGMENT[1]
 Before MOORE, BARRETT, and EBEL, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. Therefore, the case is ordered submitted without oral argument.
 
 
 2
 Appellant Coleman was convicted by a jury in federal district court of armed bank robbery, in violation of 18 U.S.C. 2113(d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. 924(c)(1). The district court sentenced Coleman under the Federal Sentencing Guidelines to 262 months for the section 2113(d) charge and 60 months for the section 924(c) charge. Coleman appealed his convictions and sentence to this Court, alleging various errors including ineffective assistance of counsel. We affirmed the district court's judgment; however, we declined to address Coleman's ineffective assistance claims, stating that they would be more properly bought in a collateral proceeding. United States v. Coleman, 9 F.3d 1480, 1487 (10th Cir.1993), cert. denied, 114 S.Ct. 1234 (1994).[2]
 
 
 3
 Coleman then filed a motion to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. 2255. He alleged four grounds for relief: (1) the government obtained his conviction through improper evidence and testimony it knew to be false; (2) the Court erred in the imposition of sentence under the Federal Sentencing Guidelines by failing to consider a downward departure; (3) the bank security officer did not possess probable cause to raise his weapon or detain Coleman; and (4) Coleman received ineffective assistance of counsel. The district court denied the motion. Coleman now appeals, claiming that the district court erred in denying his section 2255 motion without holding an evidentiary hearing or requiring the government to respond.
 
 
 4
 Section 2255 requires the district court to conduct an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. 2255. We must conduct a two-step inquiry. First, we must determine whether Coleman's allegations, if proved, entitle him to relief. If so, we review the district court's denial of an evidentiary hearing for abuse of discretion. United States v. Barboa, 777 F.2d 1420, 1422 & n. 2 (10th Cir.1985).
 
 
 5
 Two of Coleman's allegations, even if true, entitle him to no relief, and we therefore dispose of them first. Coleman alleges that he construed a statement by the district court at sentencing as an expression of the court's erroneous belief that it had no authority to depart downward under the Guidelines. At issue, according to Coleman's motion, is the court's statement that "the court is not granted leeway that once judges were granted and must follow the sentencing guidelines." We find nothing in this statement to indicate that the district court misapprehended its authority and accordingly we will not review its denial of a downward departure. United States v. Rodriguez, 30 F.3d 1318, 1319 (10th Cir.1994).
 
 
 6
 Also without merit is Coleman's argument that the security officer had no "probable cause" to draw his weapon or to detain Coleman. "Probable cause" in this context is a Fourth Amendment concept intended to limit the intrusion by the government on the private affairs of citizens. As the district court noted, "a private bank security officer does not need probable cause to move his gun."
 
 
 7
 We turn next to Coleman's claims that his conviction was based on improper and false evidence. First, he asserts that the jury was misled as to whether the security officer's gun was holstered. On direct appeal to this court, Coleman challenged the sufficiency of the evidence supporting his conviction for armed robbery and use of a firearm. Construing the evidence, as we must, in the light most favorable to the government, we found the evidence sufficient to support the conclusion that the gun was out of its holster. See Coleman, 9 F.3d at 1482. We therefore agree with the district court that there has been a final judgment on this issue and Coleman may not seek relief on this ground. See United States v. Warner, 23 F.3d 287, 291 (10th Cir.1994)(issues considered and disposed of on direct appeal will not be considered in a collateral proceeding).
 
 
 8
 Coleman also alleges, in support of his improper conviction claim, that the government knowingly presented to the jury "false testimony" from his coconspirator. Specifically, he alleges that trial testimony by the "getaway driver" that as Coleman entered the bank he told the driver to wait was fabricated and at odds with earlier statements made by the same coconspirator. The use of false testimony does not violate a defendant's rights to due process unless the government knew such testimony was false and nevertheless introduced it. Coleman's allegations as to the government's knowledge of falsity are minimal; however, "[a] pro se litigant's pleadings are to be construed liberally." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir.1991). Thus construed, we find the allegations sufficient to state a claim which, if proved, could demonstrate a violation of Coleman's constitutional rights.[3]
 
 
 9
 The district court did not address this claim in its order. The record before us is inadequate to show either the factual basis for Coleman's claim or for the district judge's implied finding that it has no merit. Nor is it clear that this issue was addressed by our previous judgment on Coleman's direct appeal.
 
 
 10
 Section 2255 is not available to test the legality of matters that should have been raised on appeal. United States v. Walling, 982 F.2d 447, 448-449 (10th Cir.1992). The allegation that the government knowingly introduced false coconspirator testimony should, like all of Coleman's claims save those of ineffective assistance of counsel, have been raised in his direct appeal. Accordingly, to obtain relief in a section 2255 motion Coleman must demonstrate either cause for his procedural default and actual prejudice resulting from the alleged error, or that a fundamental miscarriage of justice will occur if his claim is not addressed. United States v. Allen, 16 F.3d 377, 378 (10th Cir.1994).
 
 
 11
 Coleman may establish cause for his procedural default by showing that the default was the result of ineffective assistance of counsel in violation of the Sixth Amendment. Murray v. Carrier, 477 U.S. 478, 488 (1986). Because we remand certain of Coleman's claims of ineffective assistance of counsel for factual findings by the district court, see infra, we also remand the claim of false coconspirator testimony. Should the district court find that Coleman received constitutionally deficient assistance of counsel, it must then address whether the deficiency caused the procedural default as to this claim and, if so, whether Coleman was actually prejudiced thereby.
 
 
 12
 We turn finally to Coleman's general claim of ineffective trial counsel. To establish constitutionally deficient assistance of counsel, Coleman must demonstrate that (1) his counsel's performance "fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland v. Washington, 466 U.S. 668, 688, 694 (1984). Coleman alleges that his counsel was constitutionally ineffective for several reasons. Certain of these allegations, even if true, do not constitute unreasonable performance and therefore cannot support an ineffective assistance of counsel claim. We address these claims first.
 
 
 13
 Coleman argues first that his counsel was ineffective for failing to object to the trial court's instruction to the jury regarding what must be proved to demonstrate "use" of a firearm within the meaning of section 924(c). Coleman appears to argue that the trial court erred when it did not instruct the jury that a firearm must be either in the "absolute possession" of or within "easy reach" of the defendant, and the defendant "intended" the firearm to be available. At the time of Coleman's trial, "use" of a firearm was proven if the government demonstrated: (1) the defendant had "ready access" to the firearm; and (2) the firearm was an "integral part" of the criminal undertaking and increased the likelihood that the undertaking would succeed. United States v. Parrish, 925 F.2d 1293, 1297 (10th Cir.1991). To show that a firearm was readily accessible, the government needed only to show that "the firearm was available to the defendant in the vicinity where the ... offense took place." Id. at 1297.[4] Coleman does not allege that the jury instructions failed to include these essential elements. Accordingly, we find that counsel's failure to object was not error, and could not have constituted ineffective assistance of counsel.
 
 
 14
 Coleman next asserts as an example of deficient performance counsel's failure to object to the judge's response to a jury question. In answer to the jury's question whether "possession in any manner" and "some control" are synonymous, the district court apparently responded that they are. As we held in Coleman's direct appeal on this case, "[f]or purposes of 924(c)(1), one clearly has ... possession and control of a firearm when [one is] touching it, struggling for it, and trying to control it." United States v. Coleman, 9 F.3d 1480, 1484 (10th Cir.1993). Because the district court's alleged response to the jury did not misstate the law, counsel's failure to object to it cannot constitute ineffective assistance of counsel.
 
 
 15
 Coleman argues next that his trial counsel behaved unreasonably by failing to call as a defense witness a detective who would have testified that Coleman cooperated with the investigation. Coleman admits that his interview with this detective was taken into account by the presentence report; he asserts, however, that had the jury heard this testimony the outcome of his trial would likely have been affected. We disagree. In light of the evidence adduced at trial, we do not believe that the absence of this witness could have prejudiced Coleman. See Strickland, 466 U.S. at 695 (court hearing ineffectiveness claim "must consider the totality of the evidence before the judge or jury"). Accordingly, this cannot be grounds for his claim of ineffective assistance of counsel.
 
 
 16
 Coleman also argues that his counsel failed to obtain the transcripts of the complete trial proceedings. In ruling on Coleman's direct appeal this court undertook a review of the record and determined that the evidence was sufficient to support his conviction. See Coleman, 9 F.3d at 1482-83. It therefore appears that an adequate record for appeal was in fact prepared by Coleman's counsel. Coleman is entitled to no relief on this ground.
 
 
 17
 The remainder of Coleman's ineffective assistance claims are not, however, facially inadequate or incredible. He claims: (1) before entering into a damaging stipulation on Coleman's behalf, counsel failed to investigate the statement made by Coleman's codefendant to the government; (2) counsel failed to object to a jury instruction that purportedly equated "knowledge and presence" with aiding and abetting an offense; and (3) counsel failed to advise Coleman of the potential sentencing consequences of a plea offer. In dismissing these claims, the district court wrote:
 
 
 18
 The Court has considered separately each of these acts and omissions [alleged by Coleman]. From the Court's observation of Defendant's counsel at the pre-trial conference, trial, hearing, and other proceedings conducted before this Court, the Court concludes that no basis exists for Defendant's claim. The Court finds that Defendant's counsel met the standard of reasonableness in providing effective assistance of counsel, thereby discharging his duties under the Sixth Amendment. In addition, this Court concludes that even if the alleged unreasonable acts or omissions had not met this standard, such acts and omissions neither prejudiced the defense nor would have altered the conclusion reached by the trial court. Defendant's claim of ineffective assistance of counsel, therefore, fails both prongs of the test in Strickland.
 
 
 19
 Although the district court found that Coleman's counsel performed reasonably and his performance did not, in any event, prejudice Coleman, it did not disclose the basis for these conclusions. We therefore have insufficient information with which to conduct an adequate review. While exhaustive detail is unnecessary, at a minimum the district court must indicate why it determined that Coleman's facially adequate and credible challenges are without merit.
 
 
 20
 We assume that the district court had before it a record sufficient to evaluate Coleman's ineffective assistance claim based on the challenged "aiding and abetting" instruction. Nonetheless, we cannot tell why counsel's failure to object was not unreasonable or, if unreasonable, why Coleman was not prejudiced thereby. Similarly, while the record before the district court may be adequate to determine whether Coleman was sufficiently advised as to potential sentencing consequences, we cannot arrive at any conclusion. We note that this issue may require additional hearings. Moreover, Coleman's claim of inadequate investigation by counsel may require some inquiry of trial counsel. We do not, by these remarks, attempt to prejudge whether an evidentiary hearing is required, but we offer them to illustrate why further findings and conclusions are needed before we can meaningfully review the district court's conclusions that trial counsel was neither deficient nor prejudicial. Accordingly, we remand these issues for findings of fact by the district court and, where necessary, evidentiary hearings.
 
 
 21
 We therefore AFFIRM the district court's denial of Coleman's section 2255 motion as to the following claims: (1) use of false testimony and improper evidence to obtain his conviction, insofar as the claim relates to the factual question of whether the security officer's gun was holstered; (2) error in imposing sentence under the Federal Sentencing Guidelines; (3) lack of probable cause for the security officer's actions; and (4) ineffective assistance of counsel based on failure to object to the "use" instruction, failure to object to the trial court's response to the jury's question as to "possession," failure to call a crucial defense witness, and failure to obtain trial transcripts. We REVERSE and REMAND for specific findings Coleman's claims of ineffective assistance of counsel based on failure to object to the aiding and abetting instruction, failure to investigate the codefendant's statement, and failure to correctly advise as to the consequences of a proffered plea bargain. We also REVERSE and REMAND the district court's denial of Coleman's claim regarding false coconspirator testimony for the district court's consideration pending its findings on ineffective assistance. The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 The facts of this case are detailed in Coleman, 9 F.3d at 1482-83. Essentially, after Coleman and his codefendant Turner entered a bank together, Turner went to a teller's window, told the teller he had a gun (though he did not) and threatened to kill her. He then grabbed money from her drawer and fled the bank. Coleman, meanwhile, walked directly toward the private security guard, who had unholstered his gun and placed it on a credenza behind his desk. Coleman and the guard entered into a struggle for the gun, which continued through the bank and out the front doors, where the guard apprehended Coleman
 
 
 [3]
 In his 2255 motion Coleman alleges that the jury was "given false testimony with government[']s knowledge." Specifically, he alleges that coconspirator "Willis gave untru[e] testimony to gain personal advantage and that advantage was not to be indicted.... After trial he admitted to petitioner's girlfriend that he was scared and the statements given to government were at the government's leading."
 
 
 [4]
 We note that although the Supreme Court has recently superseded this standard, see Bailey v. United States, 116 S.Ct. 501 (1995), this development does not impact Coleman's ineffective assistance claim. The reasonableness of counsel's performance must be judged in light of the law as it existed at the time of trial. See United States v. Gonzalez-Lerma, No. 94-4195, 1995 WL 733522, at * 4 (10th Cir. Dec. 11, 1995)("clairvoyance is not a required attribute of effective representation")