**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**OCT 3 1997**

**PATRICK FISHER**
**Clerk**

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY CRAIG COLEMAN,

Defendant-Appellant.

No. 96-5142
(D.C. No. 91-CR-158)
(N.D. Okla.)

ORDER AND JUDGMENT*

Before BRORBY, LOGAN, and HENRY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

\* This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Defendant-appellant Jerry Craig Coleman appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. We affirm.

## I. BACKGROUND

This is the fourth time this court has dealt with issues arising from Coleman's convictions in April 1992 for armed bank robbery, in violation of 18 U.S.C. § 2113(d), and use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c). The record shows that Coleman and a friend, Brian Edmond Turner, were driven to the Stillwater National Bank by another friend, Johnny Willis. While Willis waited, Coleman and Turner, who were both unarmed, entered the bank together. Turner went to a teller's window, threatened her, grabbed money from her drawer, and fled in Willis's vehicle. Coleman scuffled with a security guard for control of the guard's gun and was captured. After Turner was apprehended, he entered a plea of guilty to the offense of bank robbery.

At the end of a two-day trial, a jury convicted Coleman of bank robbery and the use of a firearm. On direct appeal, we affirmed the convictions, rejecting contentions of (1) insufficient evidence of Coleman's involvement in armed robbery and (2) lack of sufficient control over the security guard's gun to

-2-

constitute "use" of a weapon.  See United States v. Coleman, 9 F.3d 1480, 1483-84 (10th Cir. 1993).

Later, Coleman filed a pro se § 2255 motion, alleging numerous grounds for relief.  The district court denied the motion.  On appeal, we affirmed the district court's order on several issues, but reversed and remanded for specific findings on Coleman's claims of ineffective assistance of counsel and allegations that the government obtained his conviction through the use of false testimony.  See United States v. Coleman, No. 95-5099, 1996 WL 3901, at **5 (10th Cir. Jan. 4, 1996).  Upon remand, appointed counsel clarified Coleman's allegations.  The district court held an evidentiary hearing, listened to argument of counsel, and again issued an order denying relief.  The second denial is the subject of this appeal.

While this appeal was pending, however, Coleman filed another § 2255 motion in the district court without first obtaining an order from this court certifying that it met the standards applicable to a second or successive § 2255 motion.  See Coleman v. United States, 106 F.3d 339, 340 (10th Cir. 1997).[1]  The

---

[1]    The amendments to Chapter 153 of Title 28 of the United States Code contained in the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) amended the procedures and standards for a second or successive § 2255 motion filed after AEDPA's April 24, 1996 effective date.  The relevant language of § 2255, as amended, provides:

(continued...)

district court properly transferred the filing to this court, pursuant to 28 U.S.C. § 1631. See id. at 341. The second motion challenged the § 924(c) "use" conviction on the grounds that the government had failed to prove that he "actively employed" a firearm, as required by Bailey v. United States, 116 S. Ct. 501, 509 (1995). We observed that Bailey established a "'new nonconstitutional rule of substantive law,'" Coleman, 106 F.3d at 341 (quoting United States v. Barnhardt, 93 F.3d 706, 709 (10th Cir. 1996)), not a new rule of constitutional law, as required by § 2255, Coleman, 106 F.3d at 341. We therefore concluded that the second motion failed to make the prima facie showing required by § 2255, id. at 341, and denied certification, id. at 342.

---

[1](...continued)

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain --

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

These amendments applied to Coleman's second petition because it was filed after April 24, 1996.

## II. DISCUSSION

In this appeal, Coleman continues to argue that his conviction was based on false testimony and that he received ineffective assistance of counsel.  He also injects the argument made in his second § 2255 motion, concerning the use of a firearm under <u>Bailey</u>.  We address each issue in turn,[2] reviewing the district court's legal rulings de novo, and its findings of fact for clear error.  <u>See</u> <u>United States v. Cox</u>, 83 F.3d 336, 338 (10th Cir. 1996).

### A.      False Testimony Issue

The prosecution's knowing use of false testimony violates due process if that testimony contributed to the verdict.  <u>See</u> <u>United States v. Langston</u>, 970 F.2d 692, 700 (10th Cir. 1992).  Coleman alleges that the prosecution allowed Willis, the driver, to testify that he was unaware of any robbery plans.  At the evidentiary hearing on remand, it became apparent that Willis had discussed the robbery with Coleman and Turner.  Although Coleman showed that Willis's testimony was false, he did not show either that the prosecutor knew of its falsity or that the testimony had any material effect on the outcome of the trial.  Indeed, truthful

---

[2]      Coleman has requested that we issue him a certificate of appealability so that he may prosecute his appeal.  In <u>United States v. Kunzman</u>, No. 96-1310 at n.2 (10th Cir. Oct. 1, 1997), we held that § 2255 petitioners who filed their petitions in district court prior to AEDPA's effective date do not need a certificate of appealability.  Because Coleman filed his original § 2255 motion on August 2, 1994, a certificate of appealability is unnecessary.

testimony from Willis would have provided additional support for the jury verdict.

**B.    Ineffective Assistance of Counsel Issue**

We review claims of ineffective assistance of counsel de novo.  See Hoxsie v. Kerby, 108 F.3d 1239, 1245 (10th Cir. 1997), petition for cert. filed (U.S. June 9, 1997) (No. 96-9364).  To prevail, Coleman must demonstrate that counsel's performance "fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1984), and that counsel's deficient performance was so prejudicial "there is a reasonable probability that, but for counsel's  unprofessional errors, the result of the proceeding would have been different," id. at 694.

Coleman's arguments concerning ineffective assistance of counsel are meritless.  First, he asserts that counsel failed to object when the district court refused to instruct the jury that "mere presence" at a crime scene is insufficient to prove participation in the commission of an offense.  "If the government's case is based on more than just a defendant's presence, and the jury is properly instructed on all elements of the crime, then a 'mere presence' instruction is unnecessary." United States v. Negrete-Gonzales, 966 F.2d 1277, 1282 (9th Cir. 1992).  See also United States v. DeMasi, 40 F.3d 1306, 1315 (1st Cir. 1994) (quoting United States v. Torres-Maldonado, 14 F.3d 95, 100 (1st Cir. 1994) (further quotation

omitted)) ("[A] defendant's 'mere presence' argument will fail in situations where the 'mere' is lacking."). Here, Coleman's activities on the day of the robbery go well beyond mere presence in the bank. Moreover, Coleman does not allege any errors in the jury instructions covering the elements of bank robbery.

Coleman also claims that counsel was ineffective for failing to investigate and impeach Willis's testimony and for entering into a stipulation that Turner need not be called as a witness at trial. As we have previously discussed, the lack of truthful testimony from Willis did not prejudice Coleman. Similarly, the absence of testimony from Turner could not harm Coleman's case. Concerning the allegation that counsel failed to deliver a plea offer, Coleman provided no evidence that any such offer was made.

After reviewing the entire record, we note that counsel provided Coleman with a professional defense and conclude that his performance was neither deficient nor prejudicial to Coleman.

## C. Use of Firearm Issue

As a general rule, this court will not consider an issue on appeal that was not raised below. Walker v. Mathers (In re Walker), 959 F.2d 894, 896 (10th Cir. 1992). The rule, however, "'is not inflexible and the matter of what questions may be taken up and resolved for the first time on appeal is one left primarily to the discretion of the courts of appeals, to be exercised on the facts of individual

cases.'" United States v. McRae, 81 F.3d 1528, 1532 n.1 (10th Cir. 1996) (quoting Anixter v. Home-Stake Prod. Co., 77 F.3d 1215, 1229 (10th Cir. 1996) (further quotations omitted)).

We exercise our discretion to reach and dispose of Coleman's challenge to his firearm conviction under the Supreme Court's holding in Bailey that "use," as articulated in § 924(c), means an "active employment" of a firearm. Bailey, 116 S. Ct. at 509. We agree with the government that this holding does not affect our determination on direct appeal that Coleman's struggle with the guard for possession and control of the gun was a "use" sufficient for § 924(c) purposes. See Coleman, 9 F.3d at 1484.

The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED. Coleman's motion to file supplemental briefs is GRANTED.

Entered for the Court

Robert H. Henry
Circuit Judge