**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**DEC 9 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY CRAIG COLEMAN,

Defendant-Appellant.

Case No. 97-5079

(D.C. 91-CR-158-C)
(Northern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before ANDERSON, HENRY, and BRISCOE, Circuit Judges.

After examining the briefs and appellate record, this panel has unanimously determined that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pro se prisoner Jerry Craig Coleman appeals the district court's denial of his 18 U.S.C. § 3013(c) motion for remission of imposed restitution. We deny Mr. Coleman leave to appeal.

## I. BACKGROUND

Mr. Coleman was convicted of armed bank robbery and use of a firearm during a crime of violence. He was sentenced to 322 months' imprisonment and ordered to pay restitution. Mr. Coleman's conviction and sentence were affirmed on appeal.

Approximately five years after he was convicted and sentenced, Mr. Coleman moved for remission of the imposed restitution, arguing that his obligation to pay had expired. The district court denied his motion, and Mr. Coleman appeals. After filing his appeal, Mr. Coleman moved for appointment of counsel, arguing that he needs assistance with discovery vis-a-vis the issues on appeal.

## II. DISCUSSION

### A. Jurisdiction

The government argues that Mr. Coleman's notice of appeal was not timely filed and that we therefore lack jurisdiction. "[T]imely filing of a notice of

2

appeal is required to vest this court with jurisdiction." United States v. Ibarra, 920 F.2d 702, 704 (10th Cir. 1990), vacated on other grounds, 502 U.S. 1 (1991).

Rule 4(b) of the Federal Rules of Appellate Procedure provides that "[i]n a criminal case, a defendant shall file the notice of appeal in the district court within 10 days after the entry . . . of the judgment or order appealed from." Fed. R. App. P. 4(b). Mr. Coleman's notice of appeal was filed fourteen days after entry of the district court order he seeks to appeal.

For the reasons stated in the next section, we construe Mr. Coleman's motion as being made pursuant to 28 U.S.C. § 2255. Section 2255 appeals are governed by the time requirements for civil (not criminal) appeals. See Klink v. United States, 308 F.2d 775, 776 (10th Cir. 1962). The time to file an appeal in a civil case in which the United States is a party is within sixty days after entry of the order or judgment appealed from. See Fed. R. App. P. 4(a)(1). For this reason, Mr. Coleman's notice of appeal was timely, and we have jurisdiction.

## B. Restitution

Mr. Coleman requests that he be relieved of the duty to pay restitution in accordance with 18 U.S.C. § 3013(c), which states: "The obligation to pay an assessment ceases five years after the date of the judgment." 18 U.S.C. § 3013(c)

(1994). Mr. Coleman also objects, for the first time on appeal, to errors allegedly committed when the order of restitution was originally entered.[1]

We construe Mr. Coleman's arguments as being made pursuant to 28 U.S.C. § 2255. See 28 U.S.C. § 2255 ("A prisoner in custody . . . claiming . . . that the sentence . . . is . . . subject to collateral attack, may move the court . . . to . . . correct the sentence."); see also United States v. Pogue, 865 F.2d 226, 228-30 (10th Cir. 1989) (per curiam) (allowing a defendant to proceed under section 2255 when challenging an order of restitution). Although Mr. Coleman based his argument in the district court on 18 U.S.C. § 3013(c), that section does not authorize the filing of a motion, as does section 2255.

Because Mr. Coleman has filed previous section 2255 motions, see, e.g., United States v. Coleman, No. 96-5142, 1997 WL 608762, at *1 (10th Cir. Oct. 3, 1997), section 2255 requires that he obtain the authorization of this court before presenting a "second or successive" motion to the district court. See 28 U.S.C. § 2255; see also Coleman v. United States, 106 F.3d 339, 340 (10th Cir. 1997) (per curiam). We construe Mr. Coleman's notice of appeal and appellate brief as a request for such authorization. See Pease v. Klinger, 115 F.3d 763, 764 (10th Cir.

---

[1] Specifically, Mr. Coleman argues: (1) that he should not have been ordered to pay restitution when his co-defendant was not ordered to do so, and (2) that the amount of restitution he was ordered to pay should have been reduced by the value of an automobile that the government purportedly seized from his co-defendant.

4

1997).  We deny Mr. Coleman permission to present to the district court the arguments he raises for the first time on appeal, as these arguments are not based on either "newly discovered evidence" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255.

We decline, however, to apply the "newly discovered evidence" and "new rule of constitutional law" requirements to the expiration issue that Mr. Coleman did present to the district court.  Restrictions on "second or successive" petitions exist to prevent a convicted defendant from presenting his arguments piecemeal, through a series of motions — rather than in an initial, comprehensive motion.  See Sanders v. United States, 373 U.S. 1, 17-18 (1963).  Mr. Coleman could not reasonably have been expected to present his expiration argument in an earlier motion, because he claims the restitution order did not expire until about the time he filed the present motion.

Rather than disposing of Mr. Coleman's expiration argument on "second or successive" grounds, we construe his brief on appeal as an application for a certificate of appealability, see Sena v. New Mexico State Prison, 109 F.3d 652, 653 (10th Cir. 1997), which we deny.  Mr. Coleman has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

### III.  CONCLUSION

For the foregoing reasons, we DENY Mr. Coleman leave to present to the district court the arguments he raises for the first time on appeal, and we DENY him a certificate of appealability as to the expiration issue that he did present to the district court.  Because our disposition of this appeal does not depend on the analysis of evidentiary issues, discovery is unnecessary, and we therefore DENY Mr. Coleman's motion for appointment of counsel.  The mandate shall issue forthwith.

Entered for the Court,


Robert H. Henry
Circuit Judge