**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 25, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JERRY CRAIG COLEMAN,

Defendant-Appellant.

No. 07-5162
(D.C. No. 4:91-CR-158-HDC-1)
(N.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

In December 1991, Jerry Craig Coleman and an accomplice robbed the

Stillwater National Bank of Tulsa, Oklahoma (Bank). In 1992, after a jury trial,

Mr. Coleman was sentenced to serve a total of 322 months in prison for armed

robbery and possession of a firearm during a crime of violence. He was also

ordered to pay $5,528 in restitution to the Bank.

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

His restitution order provided that

> any amount not paid immediately shall be paid during the term of confinement, with any unpaid balance payable at the discretion of the United States Probation Office during the term of supervised release.

Judgment & Sentence, at 4 (attached to Aplee. Br.).

Mr. Coleman has been continuously incarcerated since the restitution order was entered. During the past fifteen years, he has made a number of payments toward the restitution order from his prison account, leaving a remaining balance, at the time he filed this proceeding, of $3,667.79.

Over the years, Mr. Coleman has made a number of attempts to have his restitution order dismissed or vacated. *See, e.g., United States v. Coleman*, No. 97-5079, 1997 WL 758872 (10th Cir. Dec. 9, 1997); *United States v. Coleman*, 9 F.3d 1480, 1486-87 (10th Cir. 1993). In the present proceeding, filed pursuant to 18 U.S.C. § 3664(k), he seeks to suspend his obligation to make further payments toward restitution during the remainder of his incarceration. He alleges that kidney disease has left him unable to earn money to make any further payments so long as he is incarcerated.

The district court denied his motion to suspend the restitution order, finding that Mr. Coleman had not experienced the sort of change of circumstances that would call for a modification of his restitution order under § 3664(k). It further found that it lacked authority in any event to grant an eight-year suspension of all payments toward the restitution order under § 3664(k). Mr. Coleman appeals

from the denial of his motion.  We have jurisdiction, *see* 18 U.S.C. § 3742, and affirm.

Section 3664(k) provides that a defendant who owes restitution "shall notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect [his] ability to pay restitution."  Once so notified, the district court may "adjust the payment schedule, or require immediate payment in full, as the interests of justice require."  *Id.*  "[A]bsent an error of law or clearly erroneous fact-finding, a district court's exercise of this authority should be reviewed under the abuse of discretion standard."  *United States v. Vanhorn*, 399 F.3d 884, 886 (8th Cir. 2005).

The district court did not abuse its discretion in declining to relieve Mr. Coleman of any obligation to make restitution payments during the remainder of his incarceration.  Although he may be unable to work at the present time, it is purely speculative that he will have no resources with which to pay restitution during the remaining period of incarceration.

Mr. Coleman's restitution order does not itself establish a schedule for payment.  During his incarceration, he has made quarterly restitution payments pursuant to his agreement with the Bureau of Prisons (BOP) under the Inmate Financial Responsibility Program (IFRP).  The IFRP encourages inmates to develop a plan to meet various financial obligations, including orders of

restitution. See 28 C.F.R. §§ 545.10-545.11. Non-participation in the program can lead to the loss of privileges, including, inter alia, limitations on inmate pay, work and housing restrictions, and eligibility for community-based programs. *See id.* § 545.11(d).

Mr. Coleman's principal concern appears to be that unless he is judicially relieved of responsibility for making restitution payments as part of his IFRP plan, the BOP will place him on "refusal status" and he will suffer the loss of privileges. *See* "Petitioner's Reply to Government's Response to Motion to Suspend Restitution," R. doc. 134, at 2 ("[T]he reason for this Motion is that Petitioner will get the ORDER from the Court acknowledging [that he cannot work, and] will not be penalized for not participating in [the IFRP]. . . ."). But such a concern is premature and speculative in his case.

The BOP regulations only require inmates to work who are "physically and mentally able" to do so. *See* 28 C.F.R. § 545.23. In addition, the regulations require the BOP to make reasonable accommodation for inmates with disabilities. *See id.* § 545.21(a). Mr. Coleman has not established that a prisoner who is *unable to work* will be placed in "refusal status" merely because he is incapable of making restitution payments from work income. Until he can show that he has raised these concerns to the BOP and received an unfavorable response, his concerns will remain within the realm of speculation and the district court's failure to grant him relief does not represent an abuse of discretion.

He also complains that the BOP has continued to deduct funds from his prison account received from outside sources or saved by him over the years to make the quarterly IFRP payments. He has failed to establish that the BOP lacks authority to make these deductions. *See id.* § 545.11(b) ("[IFRP] [p]ayments may be made from institution resources or non-institution (community) resources."). *See also McGhee v. Clark*, 166 F.3d 884, 887 (7th Cir. 1999) ("The unit team's unilateral decisions to accelerate [the petitioner's] payments and to count as available resources funds that [he] obtained from outside sources are both expressly permitted by IFRP regulations."). Nor has he provided any record such as grievance forms to show that he has raised his concerns with the BOP about continued application of the IFRP deductions to non-wage income, or what the BOP's response to such a concern might be. *See id.* §§ 542.10-542.19 (providing administrative remedy procedure for BOP inmates).

Mr. Coleman also raises two issues (his issues two and three) that were not presented to the district court. We decline to address such issues, presented for the first time on appeal. *See United States v. Jarvis*, 499 F.3d 1196, 1201-02 (10th Cir. 2007). We also cannot consider his issue four. Although this issue was mentioned in his reply brief in district court, his assertion that he is entitled to a downward departure and a reduction in his sentence is not properly part of this § 3664(k) proceeding.

The judgment of the district court is AFFIRMED. Mr. Coleman's motion for appointment of counsel is DENIED.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge