Jerry Craig **COLEMAN**, Petitioner,

v.

**UNITED STATES of America,**
**Respondent.**

No. 96–745.

United States Court of Appeals,
Tenth Circuit.

Feb. 11, 1997.

Before PORFILIO, BRORBY and BRISCOE, Circuit Judges.

### ORDER

PER CURIAM.

Petitioner Jerry C. Coleman attempted to file a second motion pursuant to 28 U.S.C. § 2255 in the district court, challenging his conviction for violating 18 U.S.C. § 924(c), use of a firearm during and in relation to a crime of violence. The district court transferred the matter to this court pursuant to 28 U.S.C. § 1631. We hold that the district court properly transferred the matter to this court. We, however, deny Mr. Coleman authorization to file the motion in the district court.

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104–132, 110 Stat. 1214 (1996), amends 28 U.S.C. §§ 2244 and 2255, altering the procedures for filing habeas petitions under § 2254 and § 2255 motions. The statutes now require a movant who seeks to file a second or successive motion to first apply to the appropriate court of appeals for an order authorizing the district court to consider the successive motion. 28 U.S.C. §§ 2244(b)(3), 2255.

Mr. Coleman was convicted in 1992 of bank robbery and use of a firearm during a crime of violence. The convictions were affirmed on direct appeal. Mr. Coleman subsequently filed a § 2255 motion in the district court. The district court denied relief. On appeal this court affirmed in part and remanded in part. On remand the court again denied relief. While that matter was pending on appeal in this court, Mr. Coleman filed a second § 2255 motion in the district court, challenging the firearm conviction under *Bailey v. United States*, —— U.S. ——, 116 S.Ct. 501, 133 L.Ed.2d 472 (1995). The district court transferred the second petition to this court pursuant to 28 U.S.C. § 1631.

After the matter was transferred, the government filed a pleading in response to the merits of the transferred motion. Mr. Coleman then filed a document requesting this court to authorize the filing of the second motion.

Section 1631 provides that

> Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it was transferred on the date upon which it was actually filed in ... the court from which it was transferred.

The Second Circuit is the only circuit to have considered the issue of whether a district court may transfer an improperly filed successive § 2255 motion to the appropriate court of appeals for authorization. In *Liri-*

*ano v. United States,* 95 F.3d 119 (2d Cir. 1996), the court determined that transferring a successive § 2255 motion where the movant filed in the district court without first obtaining the required authorization falls within "the interest of justice" as set forth in § 1631.

> The legislative history of § 1631 indicates that 'Congress contemplated that the provision would aid litigants who were confused about the proper forum for review.' In determining whether a transfer is in the interest of justice, the equities of dismissing a claim when it could be transferred should be carefully weighed. Factors militating for a transfer include a finding that a new action filed by the litigant would be barred as untimely, and a finding that the original action was filed in good faith.

*Id.* at 122 (citations omitted). *See also Ross v. Colorado Outward Bound School,* 822 F.2d 1524, 1527 (10th Cir.1987)("In harmony with the intent of Congress, [§ 1631] has been broadly construed since its enactment.").

The court stated that the filing in the district court would almost invariably reflect ignorance of the new procedural requirements of the statute. The court was also concerned that if the district court merely strikes or dismisses the successive petition rather than transferring the matter, compliance with the one-year limitations periods set forth in §§ 2244 and 2255 would become more difficult.

We agree with the reasoning of the Second Circuit. Accordingly, when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by this court, the district court should transfer the petition or motion to this court in the interest of justice pursuant to § 1631.

■ We also agree with the time periods set forth in *Liriano:* the petition or motion is deemed filed in this court for purposes of the one-year limitations periods set forth in §§ 2244(d) and 2255 as of the date of the initial filing in the district court; the thirty-day period specified in § 2244(b)(3)(D) for this court to grant or deny authorization will begin to run upon the filing of a proper § 2244(b)(3) motion in this court by the petitioner or movant.

■ We adopt a procedure similar to the one used in the Second Circuit. After the transfer, the clerk of this court shall send a notice to the petitioner or movant that a motion for authorization must be filed pursuant to § 2244(b)(3). The notice will explain the substantive requirements that such a motion must contain. The notice shall also instruct that the motion must be filed within 30 days of the date of the clerk's notice or an order will be entered denying authorization to file the underlying petition or motion in the district court.

■ As for the merits of the application, after thoroughly reviewing the motion, we conclude that Mr. Coleman has failed to make the prima facie showing required by § 2255. Under the statute, this court must certify that the successive motion contains either:

(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

The issue raised by Mr. Coleman, that *Bailey* requires that his firearm conviction be reversed, neither relies on newly discovered evidence nor on a new rule of constitutional law. *Bailey* held that § 924(c) requires "evidence sufficient to show an active employment of the firearm by the defendant, a use that makes the firearm an operative factor in relation to the predicated offense," —— U.S. at ——, 116 S.Ct. at 505, superseding this court's rule on what constitutes "use" of a firearm for purposes of § 924(c). *Bailey* is not a new rule of constitutional law. *See United States v. Barnhardt,* 93 F.3d 706, 709 (10th Cir.1996)(*Bailey* "establishes a new nonconstitutional rule of substantive law").

Authorization to file a second motion pursuant to 28 U.S.C. § 2255 is DENIED.