**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 24 1997**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

JAMES E. CAGLE,

     Petitioner-Appellant,

v.

RON CHAMPION; ATTORNEY
GENERAL OF THE STATE OF
OKLAHOMA,

     Respondents-Appellees.

No. 96-7109
(D.C. No. 96-CV-12)
(E.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRORBY, EBEL** and **KELLY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore
ordered submitted without oral argument.

---

[*] This order and judgment is not binding precedent except under the
doctrines of law of the case, *res judicata* and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Mr. James E. Cagle appeals the district court's dismissal of his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (1994).

On October 31, 1995, Mr. Cagle filed a petition for a writ of habeas corpus raising numerous challenges to his convictions in the District Court of Seminole County for conspiracy and first degree murder. On August 23, 1996, the district court issued an minute order dismissing Mr. Cagle's petition solely on the basis that he "ha[d] a pending case in th[e] court attacking the same conviction."

On appeal, Mr. Cagle contends the district court denied him due process of law by granting respondents an extension of time in which to respond to his petition and by dismissing his petition based on a pending petition attacking the same convictions. Mr. Cagle asserts he is not attacking his convictions in both petitions, rather he is appealing from rulings or orders issued in two different courts.

Unfortunately, we cannot review Mr. Cagle's contentions. The district court's cursory dismissal of Mr. Cagle's petition has left us without the necessary findings and reasoning to conduct a meaningful review of Mr. Cagle's contentions on appeal. *See Joseph A. by Wolfe v. New Mexico Dep't of Human Servs.*, 69

F.3d 1081, 1089 (10th Cir. 1995) (remanded for necessary findings to facilitate appellate review), *cert. denied*, 116 S. Ct. 1678 (1996); *ARW Exploration Corp. v. Aguirre*, 45 F.3d 1455, 1459 (10th Cir. 1995) (appellate review impossible without anything in the record to indicate how the district court made it's determination). Based on the district court's minute order and the record on appeal, we cannot discern whether Mr. Cagle's October 31, 1995, petition is a successive petition to the "pending case" in the district court subject to dismissal pursuant to 28 U.S.C. § 2244(b) or is in fact a new petition challenging separate convictions from a different court, as Mr. Cagle contends.[1]

Accordingly, we **VACATE** the judgment of the district court dismissing Mr. Cagle's October 31, 1995, petition and **REMAND** to the district court for further proceedings consistent with this opinion. Additionally, all other pending motions are **DENIED**.

> **Entered for the Court**
>
> **WADE BRORBY**
> United States Circuit Judge

---

[1] If the district court finds Mr. Cagle's petition is a second successive petition under 28 U.S.C. § 2244(b) and it is without the proper authorization from this court under 28 U.S.C. § 2244(b)(3), the district court should transfer the petition to this court pursuant to 28 U.S.C. § 1631 and *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997).