Samuel JACKSON, # 133712, Petitioner,

v.

Billy MITCHEM, Warden, et al., Respondents.

No. CIV. A. 98–A–047–N.

United States District Court, M.D. Alabama, Northern Division.

March 26, 1998.

Samuel Jackson, Pro se.

Frances R. Clement, Montgomery, AL, for Respondents.

## ORDER

ALBRITTON, District Judge.

This case is before the court on the Recommendation of the Magistrate Judge, entered on February 24, 1998, and the objection filed by Petitioner on March 10, 1998.

This is a 28 U.S.C. § 2254 case in which Petitioner seeks habeas corpus relief from a conviction and sentence in state court. The Magistrate Judge has recommended that the petition be dismissed pursuant to 28 U.S.C.

§ 2244(b)(3)(A), because this is Petitioner's second application for habeas corpus relief and the Petitioner has not first obtained an order from the Eleventh Circuit Court of Appeals authorizing the district court to consider the matter. The Petitioner objects, contending that this court should transfer the petition to the Circuit Court of Appeals for authorization under 28 U.S.C. § 1631.

Two Circuit Courts of Appeals have held that when a second or successive petition for habeas corpus relief under § 2254 or a § 2255 motion is filed in the district court without the required authorization by the Court of Appeals, the district court should transfer the petition or motion to the Court of Appeals in the interest of justice pursuant to § 1631. *Coleman v. U.S.,* 106 F.3d 339, 341 (10th Cir.1997); *Liriano v. U.S.,* 95 F.3d 119 (2d Cir.1996). This issue apparently has not been determined by the Eleventh Circuit.

This court does not agree that a transfer under 28 U.S.C. § 1631 is appropriate.

By virtue of the Antiterrorism and Effective Death Penalty Act of 1996, Congress has required that, "Before a second or successive application (for writ of habeas corpus under § 2254 or § 2255) is filed in the district court, the applicant shall move in the appropriate Court of Appeals for an order authorizing the district court to consider the application." Therefore, Congress has mandated that the petitioner go first to the Court of Appeals, and only if authorization is obtained there, then to the district court.

28 U.S.C. § 1631 provides that:

Whenever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed ... and the action ... shall proceed as if it had been filed in ... the court to which it is transferred....

This statute simply does not fit a transfer under these circumstances.

A petition for writ of habeas corpus cannot be brought in a court of appeals; it must be brought in a district court. Section 1631 clearly contemplates the transfer of a case to another court in which the action could have been brought originally and which will then continue with the case to conclusion. It is a strained construction which would allow this statute to be used to allow, or require, a district court to transfer a successive habeas corpus application to a court which could not try the application, for the purpose of obtaining authorization to file the petition in the court which is doing the transferring, with the case then to be sent back. This gives undue emphasis to the statute's provision, "if it is in the interest of justice," and too little to the purpose of the statute. While such a construction might promote an orderly procedure and might be considered to be generally "in the interest of justice," this is simply not what Congress has provided. Effectively amending statutes to achieve a beneficial result is not a proper function of the courts.

It appears to this court that a dismissal of this case is the only way to apply Congress's clear language that the applicant "shall move in the appropriate court of appeals," "[b]efore a second or successive application ... is filed in the district court." 28 U.S.C. § 2244(b)(3)(A). Congress has placed the burden on the Petitioner, not on the courts. Therefore, the Petitioner's objection is overruled, the Recommendation of the Magistrate Judge is adopted, and it is hereby

ORDERED that the Petitioner's petition for habeas corpus relief is DISMISSED pursuant to the provisions of 28 U.S.C. § 2244(b)(3)(A), for failure to obtain authority from the Court of Appeals before filing the petition.

Because of the significance of this matter, it is

FURTHER ORDERED that the Federal Defender is appointed to represent the Petitioner in applying for a Certificate of Appealability and, if such Certificate is granted, to represent the petitioner on appeal.