**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 1, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

SHAWN ALDERSON,

        Petitioner - Appellant,

v.

STEPHEN N. SIX, Attorney General
for the State of Kansas; JOHNNIE
GODDARD, Warden, Ellsworth
Correctional Facility,

        Respondents - Appellees.

No. 08-3332

(D. Kansas)

(D.C. No. 99-CV-03397-SAC)

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]

Before **KELLY**, **ANDERSON**, and **BRISCOE**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist in the determination

of this matter. See Fed. R. App. P. 34(a)(2); 10 Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Shawn Alderson, proceeding *pro se*, seeks a certificate of appealability ("COA") to enable him to appeal the district court's denial of his 28 U.S.C. § 2254 petition for a writ of habeas corpus. We deny him a COA and dismiss this matter.

## BACKGROUND

Alderson was convicted in 1995 of first degree felony murder in the shooting death of Larry Goodwin, and of aggravated battery in the drive-by shooting of Tyrone Elam. Alderson was initially sentenced to consecutive prison terms of life and eighty-six months. On direct appeal, the Kansas Supreme Court affirmed his conviction but vacated his sentences and remanded for resentencing. State v. Alderson, 922 P.2d 435 (1996). He was resentenced to the same prison terms by a different district court judge, and the Kansas Supreme Court affirmed. State v. Alderson, 972 P.2d 1112 (1999).

Alderson then sought post-conviction relief under Kan. Stat. Ann. § 60-1507, arguing he had received ineffective assistance of counsel in various ways. The state district court denied the motion without conducting an evidentiary hearing. The Kansas Court of Appeals found Alderson's motion had raised substantial issues of fact on three issues and remanded the matter for an evidentiary hearing. Alderson v. State, 78 P.3d 498 (Kan. Ct. App. 2003) (unpublished). On remand, the district court denied relief on all claims and the

Kansas Court of Appeals affirmed that decision. <u>Alderson v. State</u>, 138 P.3d 330 (Kan. Ct. App. 2006).

Meanwhile, Alderson had filed the instant petition in December 1999, alleging fifteen grounds for relief. Because eight of the fifteen claims were unexhausted and because of the one-year time limitation of 28 U.S.C. § 2244(d)(1), the magistrate judge to whom the petition was submitted gave Alderson the option of dismissing the unexhausted claims and proceeding with the exhausted ones, or moving to stay the habeas action pending exhaustion of his state remedies. Alderson moved to stay the federal proceedings so that he could exhaust his state remedies on his three claims of ineffective assistance of trial counsel. The district court granted the motion, and liberally construed it as requesting dismissal of the remaining unexhausted claims.

After the Kansas Court of Appeals affirmed the state district court's denial of post-conviction relief, <u>Alderson</u>, 138 P.3d 330, Alderson sought leave, in 2007, to amend his habeas petition to add the newly exhausted claims asserted in his original habeas petition and to add an additional exhausted claim, which he inadvertently omitted from his original habeas petition, concerning the legality of his upward durational departure sentence. Additionally, Alderson requested reinstatement of his dismissed claim involving the constitutionality of the jury instructions at trial, since that claim had actually been exhausted.

The district court set aside the voluntary dismissal of the jury instruction claim, and permitted it to be reinstated in the appeal, but the court denied, without prejudice, leave to amend the habeas petition to add the illegality-of-the-sentence claim that had been fully exhausted in state court but not asserted in the original habeas petition. More specifically, the district court found that Alderson was attempting to raise an untimely new claim that did not clarify or amplify any claim presented in the original habeas petition, and that the new claim would not relate back to that petition. See Fed. R. Civ. P. 15(c). The court concluded that consideration of the new claim required authorization from this court, pursuant to 28 U.S.C. § 2244(b)(3), and it transferred the new claim to us. See Coleman v. United States, 106 F.3d 339, 341 (10 Cir. 1997) (per curiam). We denied Alderson permission to file this second or successive claim, holding "he must make a prima facie showing that the new claim is based on a new rule of constitutional law or newly discovered evidence . . . [which] he cannot do, as he was aware of the claim on direct appeal." In re: Alderson, No. 08-3087, Order at 5 (10 Cir. May 21, 2008) (unpublished).

Following these lengthy proceedings, eight grounds for relief were ultimately presented to the district court below: (1) denial of a fair and impartial trial by the trial judge's refusal to recuse himself from presiding over Alderson's trial; (2) insufficient evidence to support Alderson's felony murder conviction; (3) improper conviction of felony murder because the underlying offense of

criminal discharge of a firearm at an occupied vehicle merged into the felony murder offense; (4) denial of the right to a defense because the trial court refused to admit evidence of Goodwin's prior aggravated-felony conviction; (5) denial of Alderson's request to sequester witnesses; (6) failure to instruct the jury on the lesser included offense of felony murder; (7) cumulative error; and (8) ineffective assistance of counsel.

Applying the proper standards under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), the district court found "no error of constitutional significance, and [found] the state courts' resolution of petitioner's claims on the merits was not contrary to or an unreasonable application of clearly established federal law as decided by the United States Supreme Court." Memorandum and Order at 16. The court accordingly denied Alderson's habeas petition. The court also denied Alderson a COA, but granted him the right to proceed on appeal *in forma pauperis*.

**DISCUSSION**

"A COA is a jurisdictional pre-requisite to our review." Clark v. Oklahoma, 468 F.3d 711, 713 (10 Cir. 2006). We will issue a COA only if Alderson makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved in a

different manner or that the issues presented were adequate to deserve encouragement to proceed further." <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (internal quotations omitted). The district court declined to issue a COA, finding Alderson had failed to make a substantial showing of the denial of a constitutional right. We agree with the district court and find that, for substantially the reasons set forth in the district court's thorough opinion in this case, Alderson is not entitled to a COA.

## CONCLUSION

For the foregoing reasons, we DENY Alderson's application for a COA and DISMISS this matter.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge
