# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 6, 2026

Lyle W. Cayce
Clerk

———————

No. 25-40621

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Robbie Newby,

*Defendant—Appellant*.

—————————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:15-CV-131
USDC No. 6:13-CR-35-1

—————————————————————————

PUBLISHED ORDER

ORDER:

Robbie Newby, federal prisoner # 21051-078, moves for a certificate of appealability ("COA") to appeal the district court's dismissal of his purported Federal Rule of Civil Procedure 60(b) motion as an unauthorized successive 28 U.S.C. § 2255 motion.

This court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Castro v. United States*, 30 F.4th 240, 248 (5th Cir. 2022) (dismissing for lack of jurisdiction because the applicant lacked a COA

for a claim based on the denial of a constitutional right). Here, Newby does not seek a COA based on a denial of a constitutional right. He requests a COA to appeal "[w]hether [his] Rule 60(b)(6) motion was a second or successive petition," and "whether [his] Rule 59(e) motion [to amend that Rule 60 judgment] was timely." ECF 17 at 2. Neither of those issues implicates the denial of a constitutional right.

Even if Newby's requested COA *did* depend on the denial of a constitutional right, this court still could not grant him one. A Rule 60(b) motion qualifies as a second-or-successive habeas petition if it advances a constitutional "claim." As the Court explained in *Gonzalez v. Crosby*, a "motion that seeks to add a new ground for relief" or otherwise "attacks the federal court's previous resolution of a claim *on the merits*" is really a second-or-successive request for postconviction relief. 545 U.S. 524, 532 (2005). And Congress mandated that applicants seeking such relief must first seek permission from the court of appeals. 28 U.S.C. § 2244(b)(3)(A); *id.* § 2255(h). The standard for granting permission to file a second-or-successive petition is nearly insurmountable: The applicant must make a "prima facie showing" that his claim relies on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court," or new evidence that renders him innocent. *Id.* § 2244(b)(3)(C), (b)(2)(A)–(B); *id.* § 2255(h). That showing is far higher than the "substantial showing of the denial of a constitutional right" required to obtain a COA. *Id.* § 2253(c)(2). So applicants who seek to challenge the merits of their conviction cannot use Rule 60(b) plus a COA to circumvent Congress's restrictions on second-or-successive petitions.

All of that is to say that Newby's path for relief—if one exists at all—cannot run through § 2253(c). "[W]hen a second or successive petition for habeas corpus relief . . . is filed in the district court without the required authorization by this court, the district court should transfer the petition or

motion to this court in the interest of justice pursuant to § 1631." *Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (citing the transfer rule outlined in 28 U.S.C. § 1631); *see also Khalil v. President*, 164 F.4th 259, 270 (3d Cir. 2026) (per curiam) (similar). That way, this court may consider whether to grant the application under the proper second-or-successive standard. *See* 28 U.S.C. § 2244(b)(3).

Newby's application for a COA is DISMISSED.

Newby's application to proceed IFP is DENIED AS MOOT.

_____

ANDREW S. OLDHAM
*United States Circuit Judge*